UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CAROLYN BRUMLEY | * | CIVIL ACTION |
| | * | |
| VERSUS | * | SECTION " " |
| | * | |
| WAL-MART STORES, INC. AND | * | MAGISTRATE |
| WAL-MART LOUISIANA, INC. | * | |

### NOTICE OF REMOVAL

TO:  The Honorable Judges
of the United States District Court
for the Eastern District of Louisiana

Defendants, Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC, file this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby remove this matter from the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1. On April 1, 2010, Carolyn Brumley filed this lawsuit against Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC, in the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, bearing Case No. 71,162, Division "B", and entitled *Carolyn Brumley v. Wal-Mart Stores, Inc. and Wal-Mart Louisiana, Inc.*, (*See* Plaintiff's Petition for Damages, attached hereto and marked for identification as Exhibit "A").

2. Wal-Mart was served through its agent for service of process, CT Corporation, with a copy of the Citation and Petition on April 12, 2010. (*See* CT

Corporation Service of Process Transmittal Notice attached hereto and marked for identification as Exhibit "B".)

3. The suit seeks damages from Wal-Mart for damages allegedly sustained by the plaintiff as a result of an incident that occurred at the Wal-Mart Supercenter located in Boutte, Louisiana, on July 6, 2009.

4. Plaintiff alleges in Paragraph 5 of the Petition that as a result of the aforementioned accident she has sustained severe personal injuries to her hip, chest and other areas of her body. In Paragraph 6, plaintiff avers that as a result of the incident, she proceeded to St. Charles Parish Hospital where she was forced to undergo medical treatment, for her hip, chest and ultimately had to have surgery to her ankle. In Paragraph 8 plaintiff avers that she has separate special damages in the form of medical expenses as a result of the accident and will continue to incur medical expenses as a result of the accident. The Petition fails to provide a general allegation that the claim exceeds or is less then the amount necessary to provide for the lack of jurisdiction of Federal Court due to insufficiency of damages. La.C.C.Art. 893.

## I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

5. 28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

### A. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

6. The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

7. Plaintiff has alleged injuries and damages that, if true, which defendants vehemently deny, place an amount in controversy which exceeds the sum or value of $75,000.00, exclusive of interest and costs. Plaintiff's Petition for Damages does not offer a binding stipulation that plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op.

8. While Wal-Mart admits no liability, nor any element of damages, Wal-Mart has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

### B. COMPLETE DIVERSITY

9. Wal-Mart Stores, Inc. is a Delaware Corporation with its principal place of business in Bentonville, Arkansas. Wal-Mart Louisiana, LLC is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas. Sole

Member is Wal-Mart Stores East, LP. Wal-Mart Stores East, LP is a Delaware limited partnership with its principal place of business in Bentonville, Arkansas. Two Partners WSE Management, LLC (GP) and WSE Investments, LLC (LP). WSE Management, LLC (GP) WSE Investments, LLC (LP) are Delaware limited liability companies with their principal place of business in Bentonville, Arkansas. Sole member is Wal-Mart Stores East, Inc. Wal-Mart Stores East, Inc. is an Arkansas Corporation with its principal place of business in Bentonville, Arkansas. All shares of stock are owned by Wal-Mart Stores, Inc.

10. Plaintiff is a resident and domiciled in the Parish of St. Charles, State of Louisiana.

11. Accordingly, there is complete diversity of citizenship between the plaintiff and the named defendants.

12. This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by the Petition for Damages, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II. WAL-MART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

13. Wal-Mart was served with the Petition for Damages through its agent for service of process, CT Corporation Systems, on April 12, 2010.

14. This Notice of Removal is being filed within thirty (30) days after first receipt by Wal-Mart of a copy of the initial pleadings setting forth the claim of relief

upon which the action is based, it is therefore timely under 28 U.S.C. § 1446(b).

15. Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

16. The 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

17. No previous application has been made by Wal-Mart in this case for the relief requested herein.

18. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Carolyn Brumley, and a copy is being filed with the Clerk of Court for the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana.

19. Petitioners, Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC, desire and are entitled to **trial by jury** of all issues herein

WHEREFORE, defendants, Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC, hereby remove this action from the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

_s/ROY C. BEARD_
**ROY C. BEARD, ESQ. (#17461)**
**McCRANIE, SISTRUNK, ANZELMO,**
**HARDY, McDANIEL & WELCH**
400 Lafayette St. Suite 100
New Orleans, LA 70130
Telephone: (504) 831-0946
Facsimile: (504) 529-9796
*Attorneys for Wal-Mart Stores, Inc. and*
*Wal-Mart Louisiana, LLC*

### **CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2010, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

_s/ROY C. BEARD_